## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

JACKIE R. DOVE,                          *

            Petitioner,           *

VS.                                      *         CASE NO. 3:05-CV-4 (CAR)
                                         Social Security Appeal

JO ANNE BARNHART,                         *
Commissioner of Social Security,
            Respondent.          *

## REPORT AND RECOMMENDATION

      The Social Security Commissioner, by adoption of the Administrative Law Judge's

determination, denied Claimant's application for a period of disability and supplemental

security income benefits, finding that he was not disabled within the meaning of the Social

Security Act and Regulations.  Claimant contends that the Commissioner's decision was in

error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C.

§ 1383(c).  All administrative remedies have been exhausted.

## LEGAL STANDARDS

      The court's review of the Commissioner's decision is limited to a determination of

whether it is supported by substantial evidence and whether the correct legal standards were

applied.  *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined

as more than a scintilla and means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971).   The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*   The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1]Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).  See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

five-step procedure.  20 C.F.R. § 404.1520, Appendix 1, Part 404.  First, the Commissioner determines whether the claimant is working.  Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

**I.      Whether the ALJ erred in not accepting the opinion of Claimant's primary treating physician?**

**II.     Whether the ALJ failed to fully develop the record in the case with regards to medical records?**

## DISCUSSION

## Administrative Proceedings

Claimant filed his current application for Supplemental Security Income Benefits on

3

October 10, 2001.  (Claimant's Brief, p.1).  Claimant contends he became disabled on November 1, 2000, due to a back condition.  (R-58).  His application was denied initially, and upon reconsideration. (R- 18).   The claimant then requested a hearing in front of an administrative law judge (ALJ) which was held on February 11, 2003. *Id*.  Subsequent to the hearing, the ALJ found that the claimant was not disabled in a decision dated March 28, 2003. (R-15-25).  Claimant requested review of  the ALJ's finding by the Appeals Council on May 12, 2003.  (R-11).  On December 3, 2004, the Appeals Council thereafter denied review, making the ALJ's decision the final decision of the Commissioner.  (R-4).

**Statement of Facts and Evidence**

In the decision, the ALJ found that Claimant had severe impairments, including muscoskeletal abnormalities. (R-22).  The ALJ found, however,  that those impairments, either alone or in combination, did not meet or equal any of the relevant Listings. *Id*.  The ALJ found that Claimant's subjective complaints of pain were not fully credible.  (R-22).  The ALJ then found that Claimant retained the residual functional capacity to perform generally light exertional work.  (R-24).  Finding that Claimant could not return to past relevant work, the ALJ looked to an impartial vocational expert to find that Claimant could adjust to other work which exists in significant numbers in the national economy.  (R-22-24).

**I.      Whether the ALJ erred in not accepting the opinion of Claimant's primary treating physician?**

In his Brief, Claimant argues that the ALJ improperly discredited the opinion of

Claimant's primary treating physician, Dr. Raber.  (Claimant's Brief, p. 6).

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it.  *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985).  A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory.  *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).  The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician.  *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991).  *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

In the case at bar, the ALJ provided good cause for rejecting Dr. Raber's opinion.  The ALJ acknowledged that Dr. Raber did treat Claimant but called into question whether Dr. Raber was entitled to any deference as a "treating physician" as Claimant clearly stated he had only seen Dr. Raber once.  The ALJ stated:

> The last evidence in this record comes from Dr. Paul Raber, who
> styles himself as the claimant's treating source, and who
> indicates debilitating limitations and inability to work restricting
> the claimant (Exhs. 7F and 8F).  However, while I have
> considered the input from Dr. Raber, I do not find it controlling.
> Dr. Raber is questionable as a regular treating source of the
> claimant, submitting notes indicating Mr. Dove came in to the
> office only three times, in April, then May, and then June 2002.
> And despite the doctor's pure opinion expressions in February
> 2003, with no evidence the claimant had been seen then or in the
> last approximately eight months, the claimant, himself, in his
> testimony is clear that he had seen Dr. Raber, himself, only one
> time.  The claimant describes seeing the nurse, Ms. Bowie, on
> about three occasions, which appear to correspond with the

notations (Exh. 7F-unreadable signatures, but clearly not "Raber").

(R-21).  Furthermore, the ALJ found that Dr. Raber's assessment was conclusory and not supported by objective medical evidence, stating:

> Still these notes from seeing the claimant are cursory, at best, with sometimes muscoskeletal complaints checked, and sometimes tenderness/spasm checked, but no evidence of full examination or of specific testing or assessment of limitation. The doctor, in his late opinion, does cite to an MRI performed in May 2002 (Exh. 7F, p. 4).  This report, based upon which Dr. Raber apparently concludes the claimant essentially unable to persist at any type regular functions, shows the history of compression fracture deformity in the L1 area, with no more than mild spinal canal narrowing, and only mild degenerative joint disease in the remainder of the lumbar spinal area, with no evidence of foraminal or canal stenosis.  I have reviewed the entire record in this case, and I do not find that the objective record supports Dr. Raber's stated conclusions.  I give his opinion as submitted little or no weight.  This is especially true as the doctor even goes into areas that he provides no claim to expertise, i.e. the claimant's alleged emotional/mental problems. The doctor may support the claimant's "attempts to attain disability coverage. . ." (Exh. 8F), but Dr. Raber does not provide any real or solid basis for his opinion evidence

*Id*.  Dr. Raber's opinions relative to the severity and limiting effects of the Claimant's impairments are, therefore, found to be conclusory and are not fully supported by objective medical facts and clinical findings, as reflected in the limited treatment notes concerning examinations of the claimant during the relevant time period, between April and June 2002.

Although the claimant argues to the contrary, the ALJ clearly supported his credibility assessment of Dr. Raber in his Findings.  As was recently held in this circuit in *Dyer v.*

*Barnhart*, 395 F.3d 1206 (11th Cir. 2005):

> Substantial evidence is something "more than a mere scintilla, but less than a preponderance." *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987) "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.] 357 F.3d at 1240 n. 8.

The ALJ based his decision on the evidence of record, including the claimant's treating sources, medical records in evidence, the assessments and evaluations of state agency consultants, as well as the claims of pain and limitations as subjectively alleged by the Claimant which, based on the medical evidence of record, the ALJ found less than fully credible.  (R-21-23). After reviewing the record, this Court finds no error in the ALJ's finding that the Claimant had the RFC to perform light exertional works, and finds further that the decision of the ALJ as to credibility is supported by substantial evidence.

**II.     Whether the ALJ erred in failing to fully develop the record in this case with regards to medical evidence?**

Claimant argues that the ALJ erred by failing to fully develop the medical record regarding Claimant's condition.  Claimant argues that the ALJ acknowledged that the medical record in this case was "very sparse" and thus had a duty to further develop the record. (Claimant's Brief, p.9).  Claimant continued:

> In the face of Dr. Raber's conclusions, if the ALJ had misgivings concerning the sincerity of Mr. Dove's complaints, the ALJ should have ordered a consultative examination.  This

is particularly true where, as here, the claimant indicated his ability to afford proper care as an explanation for the sparse medical history on record. (R-220). The ALJ points to a significant gap in Mr. Dove's treatment history, and states that Mr. Dove has not received treatment "which would be expected with the level of problems alleged." (R-20). This assertion ignores the facts that a) Mr. Dove was unable to afford the treatment he has required and b) by his own testimony, Mr. Dove's condition has deteriorated greatly in recent years. (R-209). In making a determination based on an admittedly "sparse" medical record, the ALJ clearly failed in his "obligation to develop a full and fair record."

(Claimant's Brief, p.8) *citing Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

It is true that because a hearing before an ALJ is not an adversary proceeding, that an ALJ has a basic duty to develop a full and fair record. It is also true that an ALJ must be especially diligent, when a claimant is not represented by counsel and has not waived the right to counsel, to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). *See also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). The ALJ must also order consultative exams and tests when they are required in order to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984).

In the instant action, the record demonstrates that plaintiff was represented by counsel. Thus, the ALJ's duty was not a special duty. Additionally, the record reflects that the state did order and Claimant attended both a physical and mental consultative examination. Dr. JoDon Garringer examined Claimant on October 5, 2001, as to his alleged back impairment.

(R-118-122).  Dr. Douglas S. Payne (Ph.D.), examined Claimant on October 18, 2001, as to his claimed mental/emotion impairment.  Therefore, the record was fully developed as to both alleged impairments.   An ALJ is not required to order additional consultative examinations if he does not find them necessary to make an informed decision.

Furthermore, the initial burden of establishing disability is on the claimant not on the Commissioner.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  If Claimant believed that medical evidence was missing from the record, then the burden was upon plaintiff to bring forth this evidence.

Claimant argues that the medical record should have been further developed because Claimant alleged his condition worsened in more recent years.  If Claimant feels that his condition deteriorated after the decision of the ALJ, he should file a new application, as any subsequent deterioration is not relevant to Claimant's condition prior to the date of the ALJ's decision.  *Wilson v. Apfel*, 179 F.3d 1276, 1279.

The record demonstrates that the ALJ fulfilled his duty to develop a full and fair record.  The ALJ's decision is supported by substantial evidence and the ALJ the proper legal standards.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contention that the Commissioner improperly discredited Dr. Raber or failed to fully develop the record.  This Court finds no error in the ALJ's finding that the Claimant had the RFC to

perform light work.  This Court further finds that the decision of the ALJ is supported by substantial evidence.  Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

      **WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

      Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this Recommendation.

      THIS the 15th day of July, 2005.

                              S/ G. MALLON FAIRCLOTH
                              UNITED STATES MAGISTRATE JUDGE

mZc